IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**WYATT DORSEY,**

    Petitioner,

v.                                                            **CIVIL ACTION NO.: 3:19-CV-132**
                                                                                             **5:20-CV-13**
                                                                                                   **(GROH)**

**WARDEN ADAMS,**

    Respondent.

**<u>ORDER OVERRULING OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

On August 14, 2019, Wyatt Dorsey ("Petitioner") filed a Petition for Writ of Habeas Corpus against Warden Adams ("Respondent"), pursuant to 28 U.S.C. § 2241. In accordance with this Court's Local Rules, this civil action was referred to United States Magistrate Judge Robert W. Trumble for submission of a Report and Recommendation ("R&R"). Now before the Court is Magistrate Judge Trumble's R&R, filed on November 15, 2021. ECF No. 34. In the R&R, Magistrate Judge Trumble recommends that this Court deny and dismiss without prejudice the habeas petition for lack of jurisdiction.

The Court granted the Petitioner an extension of his deadline to file objections to the R&R, to May 30, 2022. ECF No. 37. The Petitioner timely filed his objections to the R&R on May 27, 2022. ECF No. 42. Accordingly, the R&R is ripe for review.

## I. BACKGROUND

On March 12, 1998, in the United States District Court for the Middle District of

Georgia, the Petitioner was convicted by a jury of one count of armed bank robbery in violation of 18 U.S.C. § 2113, one count of using/carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and one count of being in a felon in possession in violation of 18 U.S.C. § 922(g).  ECF No. 32 in 4:98-CR-00010-CDL-CHW.  Previously, the Petitioner had been convicted of and sentenced for armed bank robbery in 1981 and burglary in 1988.  ECF No. 32 in 4:98-CR-00010-CDL-CHW.  The Petitioner, deemed a career offender, was sentenced to 355 months of incarceration.  ECF No. 22 in 4:98-CR-00010-CDL-CHW.

The Petitioner, now an inmate at the Federal Correctional Institution in Hazelton, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, on August 14, 2019.  ECF No. 1.  In his petition, the Petitioner raises two grounds for relief: (1) his conviction and sentence are no longer valid due to the precedent set in <u>Rehaif</u> because the Government did not prove that he knew he belonged to a category of people barred from possessing a firearm and (2) his characterization as a career offender is no longer valid because his conviction for burglary no longer qualifies as a crime of violence.  ECF No. 1.  For relief, the Petitioner requests that the Court vacate his § 922(g) conviction and grant him a sentence of time served or resentence him.  ECF No. 1.

In his R&R, Magistrate Judge Trumble recommends that this Court deny and dismiss without prejudice the habeas petition for lack of jurisdiction.  ECF No. 34.  As it pertains to the Petitioner's conviction, Magistrate Judge Trumble found that the "crime Petitioner was convicted of committing—being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)—is still a violation of law." ECF No. 34 at 9.  Because being a prohibited person in possession of a firearm remains a crime, the

Petitioner cannot establish jurisdiction in accordance with the Fourth Circuit's test set forth in In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).

Magistrate Judge Trumble noted that even if the Court had jurisdiction over the Petitioner's claims, his claims do not merit relief. The Petitioner argues that "he did not know that he was prohibited because of his status as a convicted felon, from having a firearm." ECF No. 1-1 at 11. However, the Petitioner was on federal parole when he committed the § 922(g) offense and had two prior felony convictions. Further, in the criminal case docket, there is a filing titled "STIPULATION by Wyatt Dorsey as to validity of prior felony conviction."[1] Ultimately, Magistrate Judge Trumble found that evidence existed that the Petitioner knew he was a felon and prohibited from possessing a firearm.

Similarly, in regard to the Petitioner's claim that his sentence is invalid, Magistrate Judge Trumble found that the substantive law underlying the Petitioner's conviction remains unchanged as the Petitioner's conduct remains illegal. Further, the magistrate found that Rehaif does not apply retroactively to cases on collateral review. Even the Petitioner conceded in his petition that "Rehaif, supra has not [been] held retroactive." ECF No. 1-1 at 10 n.2.

As it pertains to the Petitioner's second claim for relief, Magistrate Judge Trumble found that the United States Sentencing Guideline governing crimes of violence was indeed amended. Amendment 798 removed burglary of a dwelling from the enumerated offenses that qualify as crimes of violence, as well as eliminated the residual clause of the definition. U.S.S.G. App. C, amend. 798 (Aug. 1, 2016); United States v. Pryor, 824 F. App'x 652, 655 (11th Cir. 2020). While the Petitioner may not qualify as a career offender

---

[1] The Court does not have electronic access to the filing because it was entered on February 24, 1998. ECF No. 9 in 4:98-CR-00010-CDL-CHW.

3

if he was sentenced today, the Eleventh Circuit, the jurisdiction where the Petitioner was sentenced, has held that the amendment does not apply retroactively to defendants who were sentenced before the amendment took effect on August 1, 2016.  See United States v. Martin, 864 F.3d 1281, 1283 (11th Cir. 2017) (per curiam); Pryor, 824 F. App'x at 655. Therefore, the magistrate found that the Petitioner's argument on this issue was moot. Ultimately, Magistrate Judge Trumble recommends that the Petitioner's habeas petition be denied and dismissed without prejudice.

The Petitioner timely filed objections to Magistrate Judge Trumble's R&R on May 27, 2022.  ECF No. 42.  Accordingly, the R&R is now ripe for review, and the Court will address each of the Petitioner's objection in turn.

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection."  LR PL P 12(b).  The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page

4

limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718

F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of the filings in this matter, the Court finds that the Petitioner has made three arguments in his objections: (1) a comparison of his case to Greer is misplaced because the Greer case involved a claimant who pled guilty while the Petitioner went to trial (2) a comparison of his case to Palacios and Wright is inappropriate because those claimants pled guilty while he went trial and (3) the Eleventh Circuit recently held, in United States v. Seabrook, that Rehaif applies retroactively. ECF No. 42. The Court will address each argument in turn.

**A. Petitioner's First Objection: Application of Greer**

The Petitioner objects to Magistrate Judge Trumble's finding that the Petitioner's claim regarding his conviction does not merit relief. Specifically, the Petitioner argues that the magistrate should not have compared his case to Greer v. United States, 141 S.Ct. 2090 (2021). The Petitioner contends that because the claimant in Greer pled guilty, while he went to trial on his underlying criminal charges, that Greer should not apply. However, after filing his initial habeas petition, the Petitioner provided supplemental authority to the Court to support his claim, which included a citation to United States v. Gary, 954 F.3d 194 (4th Cir. 2020). The Court in Greer vacated and remanded Gary.[2] The implication of Greer in this case first stems from the Petitioner's citation of Gary.

Further, the holding for which the magistrate cited Greer does not hinge on whether

---

[2] The Supreme Court granted certiorari in two cases, United States v. Gary, 954 F.3d 194 (4th Cir. 2020) and United States v. Greer, 753 F. App'x 886 (11th Cir. 2019), and resolved both in a single opinion: Greer v. United States, 141 S.Ct. 2090 (2021).

6

a defendant pled guilty or proceeded to trial.  Indeed, only the claimant in Gary, 954 F.3d 194, pled guilty in his underlying criminal case, while the claimant in Greer, 753 F.App'x 886, proceeded to trial in his underlying criminal case.   Both claimants were separately convicted of felon-in-possession offenses prior to the Supreme Court's decision in Greer.  The magistrate cited Greer because it held that "the government's failure to prove the element of knowingly being a person in a prohibited class is not a structural error."  ECF No. 34 at 4 n.4, 9 n.11.  The relevance of this rule does not depend on whether a claimant pled guilty or was convicted by a jury; it applies in both types of cases.  The Court finds that the magistrate properly supported his legal analysis with the precedent established in Greer.

The magistrate also analogized the facts of the two cases because both Gary and the Petitioner had been convicted of multiple felonies.  The Supreme Court noted that prior convictions can be substantial evidence that a person is aware of his felon status.  The magistrate noted that the Petitioner, similar to Gary, never disputed that he had multiple prior felony convictions. This factual comparison between cases is indeed accurate.

In his objections, the Petitioner now argues that the Government could not prove that he was guilty of being a felon in possession because the firearm was discovered in someone else's home and that home was shared by multiple people.  However, this argument addresses the possession element of § 922(g), not the knowledge of status element that forms the basis of the Petitioner's claim.  This portion of the Petitioner's argument does not respond to any finding or recommendation of the magistrate, as it was raised for the first time in his objections.  Therefore, the Court finds that the Petitioner has waived this objection.  See Mario, 313 F.3d at 766 (holding "that when a party's objection

lacks adequate specificity, the party waives that objection").

Ultimately, this Court finds that the magistrate's reliance on <u>Greer</u> in his R&R was proper. Notably, the Petitioner first cited to one of the underlying circuit cases, <u>Gary</u>, 954 F.3d 194 (4th Cir. 2020). Moreover, the legal holding in <u>Greer</u> which the magistrate relied on is applicable in this case and does not depend on whether a claimant pled guilty or proceeded to trial. Further, both Gary and the Petitioner had similarities in their criminal background, which Magistrate Judge Trumble accurately described and analogized. Therefore, the Petitioner's objection that <u>Greer</u> is legally and factually inapplicable in his case is **OVERRUELD**.

### B.  Petitioner's Second Objection: Application of <u>Palacios</u> and <u>Wright</u>

In his second objection, the Petitioner argues that two Eleventh Circuit cases cited by the magistrate, <u>In re Palacios</u>, 931 F.3d 1314 (11th Cir. 2019) and <u>In re Wright</u>, 924 F.3d 1063 (11th Cir. 2019), are inapplicable to this case. The Petitioner asserts that Palacios and Wright pled guilty while he proceeded to trial, making their cases dispositively distinguishable. Further, the Petitioner argues that in the Eleventh Circuit a defendant cannot be convicted of an offense that is different from the one charged in the indictment.

In neither <u>Palacios</u> nor <u>Wright</u> does the Eleventh Circuit rely on the fact that the petitioner pled guilty in their underlying criminal case. In <u>Palacios</u>, the Eleventh Circuit majority opinion does not mention the petitioner's guilty plea. In <u>Wright</u>, the petitioner's guilty plea is only acknowledged as it relates to his claim for ineffective assistance of counsel. In his R&R, Magistrate Judge Trumble cited <u>Palacios</u> and <u>Wright</u> as examples of the Eleventh Circuit upholding challenges to convictions on <u>Rehaif</u> grounds. Whether a claimant pled guilty or proceeded to trial is not dispositive in either Eleventh Circuit case

or in the R&R in this case. Therefore, the Petitioner's objection to the citation of Palacios and Wright is **OVERRULED**.

Additionally, the Petitioner argues, briefly, that under United States v. Keller, 916 F.2d 628, 636 (11th Cir. 1990), a defendant may not be convicted of an offense different from the charges in the indictment. The Petitioner argues that due to the holding in Rehaif, the crime that he was indicted for is different from what he was convicted of because none of the parties, including the court, knew that knowledge of being a member of a prohibited class was an element of the crime. However, the Eleventh Circuit in Keller, addressed the difference between an amendment and a variance to an indictment. Keller, 916 F.2d at 633 ("When a defendant is convicted of charges not included in the indictment, an amendment of the indictment has occurred. If, however, the evidence produced at trial differs from what is alleged in the indictment, then a variance has occurred. The distinction between an amendment and a variance is important in that an amendment is *per se* reversible error, while a variance requires the defendant to show that his rights were substantially prejudiced by the variance in order to be entitled to a reversal."). The Eleventh Circuit found that an amendment of the indictment occurred when the Government charged a conspiracy between two named individuals in the indictment but then the trial court instructed that the defendant could be guilty of conspiracy if he conspired with anyone, even unnamed or unknown individuals. Id. at 636.

The Petitioner provides no evidence of an amendment occurring between the time of his indictment and his conviction. Instead, the Petitioner argues that the holding in Rehaif in 2019 invalidates his conviction from 1998. However, this is not what the precedent set in Keller governs. Keller applies to variances and amendments that occur

9

in the time between the indictment and conviction. Therefore, the Petitioner's objection that the precedent established in Keller governs his case is **OVERRULED**.

### C. Petitioner's Third Objection: Retroactivity of Rehaif

In his final objection, the Petitioner argues that because the Eleventh Circuit, in United States v. Seabrooks, held that Rehaif applies retroactively, he can satisfy the savings clause under Wheeler, and this Court should allow his § 2241 petition to proceed. In Seabrooks, the Eleventh Circuit held that Rehaif "applies retroactively to Seabrooks's initial § 2255 motion." Seabrooks v. United States, 32 F.4th 1375, 1383 (11th Cir. 2022). However, the Petitioner filed this civil action in the Fourth Circuit, pursuant to § 2241.

In his R&R, Magistrate Judge Trumble explained that all four of the Fourth Circuit's Wheeler conditions must satisfied:

> (1) at the time of sentencing, settled *law of this circuit or the Supreme Court* established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, *the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review*;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429 (emphasis added). Specifically, the Fourth Circuit further held that a change of substantive law within this Circuit would be sufficient to satisfy the second prong of Wheeler, in addition to Supreme Court precedent. Id.

In his R&R, Magistrate Judge Trumble cited to numerous cases within the Fourth Circuit that held that Rehaif did not change substantive law. ECF No. 34 at 11 (citing cases). The Petitioner provided no Supreme Court or Fourth Circuit cases to support his

10

argument. The rule established by the Eleventh Circuit in Seabrooks does not control the Petitioner's case because the Petitioner filed his petition pursuant to § 2241 in the Fourth Circuit, while the claimant in Seabrooks filed a § 2255 petition in the Eleventh Circuit. Therefore, the Petitioner's objection arguing that Rehaif does apply retroactively in his case is **OVERRULED**.

## IV.  CONCLUSION

For the foregoing reasons, this Court finds that Magistrate Judge Trumble's Report and Recommendation [ECF No. 34] carefully considered the record and applied the appropriate legal analysis and is hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Petitioner's § 2241 Petition for Writ of Habeas Corpus [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

Because the R&R only sets forth findings relevant to the Petitioner's § 2241 Petition for Writ of Habeas Corpus filed on August 14, 2019 [ECF No.1], this Order does not adjudicate the Petitioner's second § 2241 Petition for Writ of Habeas Corpus [ECF No. 16], which was separated from this case and used to initiate a new civil action in 5:20-cv-13, and then later consolidated back into this matter [ECF Nos. 24, 25]. Upon further review of the filings in both dockets, the Court **ORDERS** that 5:20-cv-13 be un-consolidated from 3:19-cv-132 but remain assigned to Magistrate Judge Trumble and Judge Groh.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: July 12, 2022

GINA M. GROH
UNITED STATES DISTRICT JUDGE